**HOLMES v BOWEN et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5325. Decided April 14, 1938

J. T. Harrison, Cincinnai, for appellant.

Dudley M. Outcalt, Cincinnati, Walter M. Locke, Cincinnati, and Stewart S. Cooper, Cincinnati, or appellees, Commissioners and Treasurer of Hamilton County, Ohio.

J. G. Gusweiler, Cincinnati, for appellee, Village of Deer Park, Ohio.

**OPINION**

By MATTHEWS, J.

The court having heretofore overruled the appellee's motion to dismiss, the action now comes on for final hearing.

The status of the appellant is that of a mortgagee seeking a foreclosure of her mortgage and in the same action asking an injunction against the public officials restraining them from collecting certain taxes and assessments charged against the mortgaged premises in a municipality

No claim is made of any procedural defect in the levying of these taxes and assessments.

The sole claim is that they are excessive, in that they exceed the value of the property and, of course, more than one-third of its value.

Predicating her assertion upon this factual basis he asserts that to sustain these taxes and assessments would be sanctioning confiscation and the taking of her property without due process of law.

Now is that conclusion justified?

At the outset it should be borne in mind that the contention is not sustained by a mere showing of a taking. Nor is it sustained by a supplemental showing that the taking was unjust. If the forms of law have been followed, that is, if due process of law has been accorded, the taking cannot be avoided by mere proof of error or injustice.

If a judgment has been rendered by a court and that judgment has become final, it may have the effect of unjustly or erroneously taking the property of one person and bestowing it upon another; and that result can not be avoided by a claim of spoliation in another action.

So where jurisdiction rests in administrative officers if they proceed according to law, their action cannot be collaterally nullified by a claim that property has been taken without due process of law, in the absence of proof that the administrative officers exceeded their authority by acting arbitrarily or capriciously. If it appears that there was substantial evidence to support the conclusion of the administrative officers, the courts have no jurisdiction to disturb their finding even though the court should conclude that it was against the greater weight of the evidence. The administrative proceedings constitute due process of law within the jurisdiction of the administrative board, as do the proceedings of a court within its jurisdiction.

In the case at bar we have no evidence before us as to the proceedings resulting in the levy of the taxes and assessments. It may be that every requirement of the law was complied with. In the absence of proof we indulged the presumption that the law was followed.

The only suggestion of non-compliance is that no notice was given to the mortgagee. As to the general taxes, no personal notice upon any one was required. As to the special assessments, we presume, in the absence of evidence, that the owner of the legal title was notified. The statute in terms requires the notice to be served upon the "owner" and that is all either the statute or the constitution requires, so far as we are advised. The mortgagee knew when she took her mortgage that the law authorized an assessment upon notice to the mortgagor, who was the owner of the legal title. In 25 R.C.L., at page 165, it is said:

"Mortgagees and other lienholders, or persons simply having such interest in the property that they may possibly be affected by the enforcement of a special assessment against it are not entitled to notice and an opportunity to be heard in assessment proceedings. The reason for this is that a mortgagee takes his lien subject to the rights of the state, or of any munici-

pal authority to which the power is properly delegated, to impose on the property in accordance with law not only general taxes, but special assessments. He is not the owner of the property, but a lienholder merely: and the fact that incidentally the value of the lien may be impaired by the enforcement against the property of general or special taxes does not give him a constitutional right to be notified of the proceedings under which such taxes are imposed; the possible impairment of his lien does not amount in such cases to a taking of property without due process of law."

For these reasons, we conclude that the appellant has failed to prove a ground for an injunction against enforcing the tax and assessment liens and a decree to that effect and dismissing the supplemental petition in that respect may be entered.

ROSS, PJ, and HAMILTON, J, concur.